IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| Yasmeenah Morrow, on *behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Golden Corral Corporation,<br><br>Defendant. | Case No. 5:24-cv-00123-M-BM |
| Wayland Bennett, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Golden Corral Corporation,<br><br>Defendant. | Case No. 5:24-cv-00124-M-BM |
| Ashley Hunt, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Golden Corral Corporation,<br><br>Defendant. | Case No. 5:24-cv-00125-M-BM |

| | |
|---|---|
| Christie Brooks, *individually and on behalf of all others similarly situated,*<br><br>　　　　Plaintiff,<br><br>v.<br><br>Golden Corral Corporation,<br><br>　　　　Defendant. | Case No. 5:24-cv-00129-M-RJ |
| Carlton Brand, *individually and on behalf of all others similarly situated,*<br><br>　　　　Plaintiff,<br><br>v.<br><br>Golden Corral Corporation,<br><br>　　　　Defendant. | Case No. 5:24-cv-00132-M-RN |
| Mika Inelus, *individually and on behalf of all others similarly situated,*<br><br>　　　　Plaintiff,<br><br>v.<br><br>Golden Corral Corporation,<br><br>　　　　Defendant. | Case No. 5:24-cv-00141-M-RN |

**ORDER GRANTING MOTION TO CONSOLIDATE
CASES UNDER FED. R. CIV. P. 42(a)**

This matter comes before the court on Plaintiffs' Unopposed Motion to Consolidate Cases [DE 7]. Plaintiffs move without opposition to consolidate the following cases for pretrial purposes: *Yasmeenah Morrow v. Golden Corral Corporation*, No. 5:24-cv-00123-M (E.D.N.C.); *Wayland Bennett v. Golden Corral Corporation*, No. 5:24-cv-00124-M (E.D.N.C.); *Ashley Hunt v. Golden Corral Corporation*, No. 5:24-cv-00125-M (E.D.N.C.); *Christie Brooks v. Golden Corral*

*Corporation*, No. 5:24-cv-00129-M (E.D.N.C.); *Carlton Brand v. Golden Corral Corporation*, No. 5:24-cv-00132-M (E.D.N.C.); and *Mika Inelus v. Golden Corral Corporation*, No. 5:24-cv-00141-M (E.D.N.C.) (collectively, the "Golden Corral Actions"). The undersigned is currently assigned to preside over each aforementioned action.

"If actions before the court involve a common question of law or fact, the court may" consolidate the actions. Fed. R. Civ. P. 42(a). "District courts have broad discretion . . . to consolidate causes pending in the same district." *AIS J Ludwig Mowinckles Rederi* v. *Tidewater Const. Co.,* 559 F.2d 928, 933 (4th Cir. 1977). To determine whether consolidation is appropriate, courts should determine "whether the specific risks of prejudice and possible confusion" from consolidation "[are] overborne by the risk of inconsistent adjudications . . . , the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial, multiple trial alternatives." *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

The court has reviewed the motion, supporting memorandum, and the pleadings in the Golden Corral Actions. The Golden Corral Actions involve many of the same issues of fact and law; arise from the same alleged data breach involving Defendant; and have proposed class definitions that will encompass the same persons. There is sufficient commonality of issues and parties to warrant consolidating the actions for pretrial purposes. Moreover, consolidation will promote judicial economy, preserve the parties' resources, and avoid the risk of inconsistent rulings. Finally, as stated above, Defendant does not oppose consolidation. Based on the significant factual and legal overlap of the Golden Corral Actions, the stage of the proceedings, and the parties' respective positions on the request, the court **GRANTS** the motion and **ORDERS** as follows:

1. The above-captioned actions shall be consolidated into the *Morrow* action, No. 5:24-cv-00123, for pretrial purposes. If necessary, the court will consider at the appropriate time whether any cases subject to this Order should continue to be consolidated for purposes of trial.

2. The *Morrow* action, No. 5:24-cv-00123, shall be designated as the lead case and proceed as a Consolidated Action. All future pleadings, motions, briefs, and other papers shall be docketed in the lead case.

3. The clerk of court shall amend the docket for the lead case to reflect the new caption title "*In Re: Golden Corral Data Breach Litigation.*"

4. The clerk of court shall file this Order in each of the Golden Corral Actions. Future orders shall be entered only in the lead case unless otherwise directed.

5. The clerk of court shall administratively close the Golden Corral Actions, excluding the lead case, No. 5:24-cv-00123.

6. Any case arising out of the subject matter of the Consolidated Action and pending before this court shall be consolidated with the Consolidated Action and subject to the provisions of this Order. However, a party to such a case may object to consolidation or any provision of this Order within 10 days after the date upon which a copy of this Order is served on counsel for such party. The party must file an application for relief setting forth with sufficient particularity the grounds for their objection to consolidation. Nothing in the forgoing shall be construed as a waiver of Defendant's right to object to consolidation of any later filed or transferred action.

7. Plaintiffs shall file a Consolidated Complaint within 30 days after appointment of interim counsel.

8. All deadlines for Defendant to file a responsive pleading in the Golden Corral Actions are adjourned pending the filing of a Consolidated Complaint.

9. Defendant shall file an answer or other response to the Consolidated Complaint within 45 days of the filing of the Consolidated Complaint. If Defendant moves to dismiss the Consolidated Complaint, Plaintiffs shall have 30 days to file a response to the motion to dismiss. Defendant shall have 30 days to file a reply.

SO ORDERED this 20th day, May 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE