IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: GOLDEN CORRAL DATA BREACH LITIGATION | Case No.: 5:24-cv-00123-M-BM |

**DECLARATION OF GARY M. KLINGER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT**

I, **Gary M. Klinger**, declare under penalty of perjury as follows:

1. I am an attorney duly admitted to the bars of the state of Illinois, and admitted to practice *pro hac vice* before this Honorable Court. I am Class Counsel for Plaintiffs and the Settlement Class ("Class Counsel") in the above referenced action (the "Action"). I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law in Support, filed contemporaneously herewith.

2. Plaintiffs Yasmeenah Morrow, Wayland Bennett, Ashley Hunt, Mika Inelus, Amber Walker, and Christie Brooks ("Plaintiffs"), on behalf of themselves and on behalf of all other members of the putative class, and Defendant Golden Corral Corporation ("Defendant" or "Golden Corral") (collectively, the "Parties") have reached an agreement to settle this Action pursuant to the terms of the Settlement Agreement, attached hereto as **Exhibit A**.[1]

---

[1] All capitalized terms not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

3. Beginning in February of 2024, multiple lawsuits were filed against Defendant in response to an unauthorized compromise of Plaintiffs' and Class Members' personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Private Information"). On June 20, 2024, Plaintiffs filed their Consolidated Class Action Complaint against Defendant, alleging Defendant failed to adequately protect Plaintiffs' and the Class's Private Information from unauthorized access. *See* Plaintiffs' Consolidated Class Action Complaint (ECF No. 18).

4. After productive discussions related to the prospect of reaching a class-wide resolution, the Parties scheduled a mediation for November 19, 2024 with mediator, Judge Morton Denlow (Ret.) of JAMS. Before the scheduled mediation, the Parties exchanged informal discovery that enabled each side to evaluate the strengths of the other's respective position. As part of the mediation process, the Parties exchanged and provided the mediator with detailed mediation statements outlining the strengths and weaknesses of their claims and defenses and engaged in meaningful informal discovery. Throughout the mediation, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and the Parties carefully considered the risk and uncertainties of continued litigation and all other factors bearing on the merits of settlement. As a result, the Parties reached a settlement in principle and, in the following weeks, negotiated a final mutual agreement on all the necessary documentation and material terms. The terms of the settlement reached are memorialized in the Settlement Agreement attached as **Exhibit A**, which was negotiated at arm's-length, in good faith, and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the inherent risks in the Litigation.

5. The proposed Settlement was agreed to following extensive arm's-length negotiations, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the inherent risks in the Litigation, and with the active involvement of the Parties. After the settlement was reached, the Parties worked diligently to: (i) finalize the settlement documentation, including the Settlement Agreement and accompanying exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval with this declaration in support; (ii) solicit bids and mutually agree on a Settlement Administrator; and (iii) negotiate and exchange confirmatory discovery verifying the remedial security measures Defendant either has implemented or will implement in the future. The terms of the Settlement reached are memorialized in the Settlement Agreement, which was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the inherent risks in the Litigation, and with the active involvement of the Parties.

6. The Settlement negotiated on behalf of the Settlement Class provides significant benefits to the Settlement Class Members. The settlement negotiated on behalf of the Class provides for three separate forms of relief: (1) Compensation for Unreimbursed Economic Losses; (2) a Pro Rata Cash Payment; and (3) Improvements to Defendant's data security environment.

7. Class Counsel have adequately represented the Class by fully investigating the facts and legal claims; preparing the complaints, including a comprehensive Consolidated Class Action Complaint (ECF No. 18); conducting informal discovery; participating in a full-day mediation session with the Honorable Morton Denlow (Ret.); preparing thorough mediation briefs detailing each party's respective positions and theories of liability; and negotiating and reaching a Settlement at arm's length, in good faith, and without collusion.

8. By the time the Settlement in principle was reached, Plaintiffs and Class Counsel fully understood the claims, defenses, and were well informed of the strengths and weaknesses of the case to competently assess the risks of continued litigation.

9. Plaintiffs and Class Counsel did not discuss the award of Attorneys' Fees, Expenses, or Service Award Payments with Defendant until after the substantive terms of the Settlement had been agreed upon.

10. After the Settlement was reached, the Parties undertook a competitive bidding process to achieve an excellent Settlement Administrator for the Class—Kroll Settlement Administration, LLC ("Kroll"). This included soliciting cost proposals from different settlement administrators. Kroll is a well-known firm with a history of successfully administering many class action settlements, including other data breach settlements. The Parties selected Kroll after considering bids from multiple administration firms and believe that Kroll will be able to meet the obligations imposed on the Settlement Administrator under the Settlement Agreement for a reasonable cost.

11. It is Class Counsel's opinion that the Settlement is fair, reasonable, and adequate considering the significant benefits to the Settlement Class as well as the risks and delays attendant to further protracted litigation. This case will take years to litigate with briefing and arguing of dispositive motions; engaging in voluminous discovery; participating in additional mediation sessions; and months of continued settlement negotiations. This view is informed by Class Counsel's decades of work litigating complex actions, including data breach class actions. Milberg Coleman Bryson Phillips Grossman, PLLC has extensive experience in successfully litigating data breach class actions. *See* **Exhibit B** (resume of Milberg Coleman Bryson Phillips Grossman, PLLC).

4

12. The Plaintiffs have no conflicts with the Settlement Class Members and have demonstrated their adequacy by: (i) having a genuine personal interest in the outcome of the case; (ii) selecting well-qualified Class Counsel; (iii) producing information and documents to Class Counsel to permit investigation and development of the complaints; (iv) being available as needed throughout the litigation; and (v) monitoring the Litigation.

13. Class Counsel represents that there are no agreements related to the settlement other than those reflected in the Settlement Agreement itself and an agreement with Kroll to perform notice and settlement administration services if this Motion is granted by the Court.

14. The Settlement Class Representatives have demonstrated their adequacy by: (i) having a genuine personal interest in the outcome of the case; (ii) selecting well-qualified Class Counsel; (iii) producing information and documents to Class Counsel to permit investigation and development of the complaints; (iv) being available as needed throughout the litigation; and (v) actively monitoring the Litigation.

15. It is my opinion that the proposed class action settlement is fair, reasonable, and adequate and is an outstanding result for the Settlement Class Members.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 17, 2025

Respectfully submitted,

*/s/: Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-252-0878
Fax: 865-522-0049
gklinger@milberg.com

***Class Counsel for Plaintiffs and the Proposed Settlement Class***

5