UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| IN RE: GOLDEN CORRAL DATA BREACH LITIGATION | Case No. 5:24-cv-00123-M-BM |

**JOINT MOTION FOR REMOTE APPEARANCE AT HEARING ON PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

Plaintiffs Yasmeenah Morrow, Wayland Bennett, Ashley Hunt, Mika Inelus, Amber Walker, and Christie Brooks ("Plaintiffs") and Defendant Golden Corral Corporation ("Defendant"), by and through the undersigned counsel, respectfully submit this motion to appear remotely by videoconference at the hearing on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement, and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (Dkt. 36 and Dkt. 40) ("Motions") set for Monday, May 19, 2025 at 2:00 p.m, and to convert the hearing from an in-person hearing to a virtual, videoconference hearing.

The Local Rules of this Court indicate that hearing on motions "may be ordered by the court in its discretion," but suggests that the typical practice of this Court is to determine motions without a hearing. In this situation, Federal Rule of Civil Procedure 23(e)(B)(2) requires the Court to hold a hearing in connection with approving a class action settlement. However, Rule 23(e) is silent as to whether or not that hearing must be in-person or virtual, and numerous federal district courts have held virtual final approval hearings in the past few years, particularly in cases where, as here, there is no objection to final approval from Class Members or the parties.

The parties respectfully request leave to appear by videoconference at the final approval hearing, and to convert this in-person hearing to a virtual one. With the Court's permission, the

1

parties submit that the hearing can be conducted effectively via videoconference. The instant Motions are unopposed and will not involve the presentation of evidence beyond the declarations submitted with the Motions. Currently, there are no objections to this Class Settlement by any Class Members, and there has been no indication that any Class Member intends to appear at the hearing. There is a *de minimis* number of opt outs (three), which further suggests that there will not be any Class Member appearing at the Final Approval hearing to object.

Further, because counsel for Plaintiffs and Defendant who are handling the hearing are both out of state, significant travel time and costs would be saved by conducting the hearing remotely rather than in person. Specifically, Mr. David Lietz of Milberg, who is handling the hearing for Plaintiffs, is in Washington, DC, and Mr. David Schelberg of McDonald Hopkins, lead counsel for Defendant, is in Bloomfield Hills, Michigan. Counsel for the parties have met and conferred and believe that participating in the hearing remotely via videoconference would be the most efficient, cost-effective course of action for the parties.

Should the Court determine that it prefers an in-person hearing, Mr. Lietz will travel to Wilmington to appear in-person on behalf of Plaintiffs, and local counsel for Defendant David Woodward of Poyner Spruill will appear in-person. Defendant would still request leave for Mr. Schelberg, and also his law partner Christopher Dean of Cleveland, Ohio, to appear remotely.

Accordingly, the parties respectfully request an order permitting Plaintiffs and Defendant to appear remotely through counsel by videoconference at the May 19, 2025 hearing on the Motions, and to convert the in-person hearing to a fully virtual one.

Dated this 9th day of May, 2025  Respectfully submitted,

*/s/ Gary M. Klinger*
Gary M. Klinger (admitted *pro hac vice*)
**Milberg Coleman Bryson**
**Phillips Grossman, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

*Settlement Class Counsel*

David Lietz (admitted *pro hac vice*)
**Milberg Coleman Bryson**
**Phillips Grossman, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20016
Phone: (866) 252-0878

*/s/ Scott C. Harris*
Scott C. Harris (NC State Bar No. 35328)
**Milberg Coleman Bryson**
**Phillips Grossman, PLLC**
900 W. Morgan Street
Raleigh, NC 27603
Tel: (919) 600-5003
sharris@milberg.com

Samuel J. Strauss
Raina C. Borrelli
**Straus Borrelli PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
sam@straussborrelli.com
raina@straussborrelli.com

William B. Federman
**Federman & Sherwood**
10205 N. Pennsylvania
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

*Counsel for Plaintiffs and the Putative Class*

*/s/ Christopher G. Dean*
Christopher G. Dean (admitted *pro hac vice*)
**McDonald Hopkins LLC**
600 Superior Ave., E., Suite 2100
Cleveland, Ohio 44114
Tel: (216) 348-5400
cdean@mcdonaldhopkins.com

David W. Schelberg (admitted *pro hac vice*)
**McDonald Hopkins LLC**
39533 Woodward Ave., Suite 318
Bloomfield Hills, MI 48304
Tel: (248) 646-5070
dschelberg@mcdonaldhopkins.com

*/s/ David Woodard*
David Woodard
**Poyner Spruill LLP**
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601
Tel:  (919) 783-6400
dwoodard@poynerspruill.com
North Carolina Bar No. 19343
*Local Civil Rule 83.1(d) Attorney*

*Counsel for Defendant*